UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Irving Hemingway

    v.                                                    Civil No. 06-cv-110-JD

Theresa Lantz, et al.[1]

REPORT AND RECOMMENDATION

Before the Court is Irving Hemingway's *pro se* and *in forma pauperis* complaint brought pursuant to 42 U.S.C. § 1983. Hemingway alleges that while he was incarcerated at the New Hampshire State Prison ("NHSP"), that his Eighth and Fourteenth Amendment rights to due process and to not be subjected to cruel and unusual punishment were violated. Specifically, Hemingway alleges that he was sexually abused by NHSP correctional officer Bonnie Johnson, and that he was beaten and threatened by other officers as a result of a falling out with Johnson. The matter

---

[1] The following defendants were named in Hemingway's initial filing: Theresa Lantz, Commissioner of the Cheshire Correctional Institute in Connecticut, New Hampshire State Prison ("NHSP") Warden Bruce Cattell, the Commissioner of the New Hampshire Department of Corrections and NHSP correctional officer Bonnie Johnson. The United States District Court for the District of Connecticut, where this action was initially filed in February of 2005, dismissed Lantz from the action and transferred the case to this Court on March 7, 2006.

is before this Court for preliminary review to determine, among other things, whether the complaint states any claim upon which relief might be granted.  See United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2). Because I find that the complaint does not at this time state any claim upon which relief might be granted, I recommend to the District Judge that this matter be dismissed.

### Standard of Review

Under this court's local rules, when an incarcerated plaintiff commences an action *pro se* and *in forma pauperis*, the magistrate judge is directed to conduct a preliminary review and to prepare a report and recommendation advising the district judge whether the action, or any portion thereof, should be dismissed because:

> (i) the allegation of poverty is untrue, the action is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief under 28 U.S.C. § 1915A(b); or
>
> (ii) it fails to establish subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

LR 4.3(d)(2).  In conducting the preliminary review, the Court construes *pro se* pleadings liberally.  See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following

Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe *pro se* pleadings liberally in favor of the *pro se* party). "The policy behind affording *pro se* plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the petitioner and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that *pro se* pleadings are given fair and meaningful consideration. See Eveland v. Dir. of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988).

## Discussion

To the extent that plaintiff seeks redress for alleged violations of his constitutional rights by any individual state or county agency or employee, he attempts to state a claim under 42 U.S.C. § 1983, which creates a cause of action against those

who, acting under color of state law, deprive individuals of "any rights, privileges or immunities secured by the Constitution and laws" of the United States.  See 42 U.S.C. § 1983; Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Rodriguez-Cirilo v. Garcia, 115 F.3d 50, 52 (1st Cir. 1997).

An action brought pursuant to § 1983 alleging a violation of constitutional rights based on prison conditions must be exhausted through a prison's administrative grievance procedures prior to the filing of the action:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes."  See Porter v. Nussle, 534 U.S. 516, 532 (2002).

The adequacy of the prison grievance procedures available to an inmate to address his specific claims is not relevant to the question of exhaustion.  Exhaustion through prison administrative grievance procedures is required even if some or all of the

4

relief desired by the inmate is not available through that process.  Booth v. Churner, 532 U.S. 731, 734 (2001).  "There is no 'futility exception' to the . . . exhaustion requirement." Medina-Claudio v. Rodgriguez-Mateo, 292 F.3d 31, 35 (1st Cir. 2002).

If any grievance procedures exist at the defendant institution, the plaintiff must utilize them before filing an action in this court, regardless of the ability of that process to provide the relief he seeks.  Acosta v. U.S. Marshals Serv., ___ F.3d ___, 2006 WL 1008047 *4 (1st Cir. 2006); (citing Medina-Claudio, 292 F.3d at 36 for the proposition that § 1997e(a) "clearly contemplates exhaustion *prior* to the commencement of the action as an indispensable requirement.  Exhaustion subsequent to the filing of suit will not suffice."));  see also Dullen v. Cheshire County, Civ. No. 05-cv-139-PB; 2006 WL 995131 *3 (D.N.H. Apr. 14, 2006); 2006 DNH 44 *3.

In Hemingway's complaint, he concedes that he did not exhaust his administrative remedies for fear of retribution from the New Hampshire corrections officers.  However, given that he filed this action from Connecticut, Hemingway offers no reason why he could not have filed a grievance with the NHSP from the

safety of that state.  Further, § 1997e does not provide for an exception to the exhaustion requirement based on a plaintiff's fear of retribution for filing a grievance.  Courts may not read exceptions into the exhaustion requirement that were not supplied by Congress in § 1997e.  <u>Booth</u>, 532 U.S. at 741 n.6.

By Hemingway's own admission, he did not utilize or exhaust the administrative grievance procedures available to him prior to filing suit.  Accordingly, I recommend to the District Judge that this complaint be dismissed without prejudice to refiling after the claims contained therein are properly exhausted.  <u>See</u> 42 U.S.C. § 1997e(c)(1) (requiring the Court to dismiss a prison conditions action *sua sponte* if the Court is satisfied that the plaintiff has failed to state a claim upon which relief might be granted);[2] LR 4.3(d)(2)(A).

---

[2]At least one federal appeals court has found that the failure to allege exhaustion in the complaint does not constitute failure to state a claim, as the prisoner bears no obligation to plead exhaustion. <u>Anderson v. XYZ Corr. Health Servs., Inc.</u>, 407 F.3d 674, 681 (4th Cir. 2005).  The <u>Anderson</u> Court held, however, that a reviewing court may raise the exhaustion issue *sua sponte* where the plaintiff inmate is given a chance to respond prior to the case being dismissed.  <u>Id.</u> at 682-83.  To the extent the plaintiff can demonstrate exhaustion, he has the right to do so in an objection to this Report and Recommendation.

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:     May 5, 2006

cc:       Irving Hemingway, *pro se*